UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KURT VON GABHART, | ) |
| Petitioner, | ) |
| v. | ) No. 2:16-cv-00151-JMS-DKL |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Kurt Von Gabhart for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 15-10-0508, which resulted in Gabhart being found guilty of disorderly conduct. For the reasons explained in this Entry, Gabhart's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 21, 2015, Officer Roberts wrote a Report of Conduct in case ISF 15-10-0508 charging Gabhart with disorderly conduct. The Report of Conduct states:

> On October 21, 2015 at approx. 2020, I Officer Roberts #398 observed offender Kurt Gabhart DOC#174258 reach through the window of the officer's desk in 16C and grab the power cord for the floor fan that was in front of the desk, but plugged in behind it. At which time Offender Gabhart yanked on the cord, pulling it out of the wall and through the window of the desk. Offender Gabhard then pushed the fan over and began yelling. At which time I called for QRT to assist. Offender Gabhart then grabbed the power cord for the fan again, as if he were going to use it as a weapon. At that time, QRT entered 16C, detained offender Gabhart and escorted him out of 16C.

On October 30, 2015, Gabhart was notified of the charge of disorderly conduct and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Gabhart was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, Officer Duregger, but did not request any physical evidence.

The hearing officer conducted a disciplinary hearing in ISF 15-10-0508 on November 2, 2015, and found Gabhart guilty of the charge of disorderly conduct. In making this determination, the hearing officer considered the offender's statements, staff reports, and evidence from witnesses. The hearing officer recommended and approved the following sanctions: a written reprimand, 30 days lost phone privileges, and a 60 day deprivation of earned credit time.

Gabhart appealed to the Facility Head on November 14, 2015, arguing only that he should have been charged with a lesser offense and that he was justified in acting the way he did. Dkt. 8-4 (Exhibit D). The Facility Head denied the appeal on November 25, 2015. Gabhart filed his

petition for writ of habeas corpus on July 11, 2016, and the Respondent responded on behalf of the State. No reply was filed.

**C. Analysis**

In support of his claim for habeas relief, Gabhart alleges the following grounds for relief: 1) his actions were justified because his safety and health were in jeopardy; 2) there were conflicting witness statements; and 3) every prisoner is guaranteed due process.

Gabhart admits that only his first claim for relief was raised during the administrative appeals process. See dkt. 1 at p. 4. "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). "Indiana offers two levels of administrative review: a prisoner aggrieved of the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority." *Id.* at 981-982. Because Gabhart failed to raise two of his grounds for relief during the administrative appeals process, these arguments have been procedurally defaulted and no relief is warranted on either basis.

As mentioned above, Gabhart did exhaust his administrative remedies regarding his claim that his actions were justified because his safety and health were in jeopardy. Accordingly this ground for relief is not procedurally defaulted and is entitled to consideration on the merits. Unfortunately for Gabhart, his attempts at justification fall short. A prisoner does not have a substantive due process right to raise self-defense, necessity, or justification as a complete defense in prison disciplinary proceedings. *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007)(discussing self-defense); *see also Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (stating

3

hearing officer "was under no constitutional obligation to allow [petitioner's] claim that he was merely defending himself to serve as a complete defense to the charge of assault. She was permitted, as she did, to find Jones guilty based on his admission alone, regardless of motivation.").

To the extent Gabhart could be understood to claim that there was insufficient evidence to find him guilty of disorderly conduct, that claim has no merit. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content of the conduct report that Gabhart's conduct was disorderly. The conduct report states that Gabhart reached through a window and grabbed a floor fan power cord out of the officer's office, and then knocked the fan over and began yelling. Disorderly conduct, as a 236 Class B offense, is defined as "exhibiting disruptive and violent conduct which disrupts the security of the facility or other area in which the offender is located" (Exhibit F, p. 7). Gabhart's actions meet these criteria.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Gabhart to the relief he seeks. Accordingly, Gabhart's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/18/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

KURT VON GABHART
174258
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135